IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CT-3334-FL

| | | |
|---|---|---|
| CHARLES ALONZO TUNSTALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | **)** | ORDER |
| | ) | |
| PAULA YVONNE SMITH, CARMEN | ) | |
| HENDRICKS, LETITIA OWEN, | ) | |
| RONALD BELL, VALERIE TREXLER, | ) | |
| JOHN DOUGLAS MANN, EVONNE | ) | |
| MOORE, LYNDA PADGETT, | ) | |
| CLINTON BROCKINGTON, and | ) | |
| THOMAS NUZUM,[1] | ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's motions for default judgment (DE 82, 86). Also before the court are defendant Carmen Hendricks' ("Hendricks") motion to dismiss (DE 59) and defendants John Mann ("Mann") and Thomas Nuzum's ("Nuzum") motion to dismiss (DE 70). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies plaintiff's motion for default judgment and grants in part and denies in part defendants' motions to dismiss.

**STATEMENT OF THE CASE**

On January 6, 2017, plaintiff, a state prisoner, filed the instant action pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs regarding his Hepatitis C diagnosis, in violation of the Eighth Amendment. (See Am. Compl. 1). Plaintiff also claims racial

---

[1] Defendant Dr. Newsome is now properly identified as defendant Thomas Nuzum. (See Am. Compl. ¶ 5); (Def.s' Mem. (DE 71) 1). The court's caption has been amended to reflect the change.

discrimination under the Fourteenth Amendment. (Id.). Plaintiff filed his first complaint on December 28, 2015, containing allegations from 2000 to the present. On October 13, 2016, the court ordered plaintiff to particularize his complaint and directed him to plead only allegations that occurred after December 12, 2012. On January 6, 2017, plaintiff filed a particularized amended complaint in compliance with the court's order.

On April 3, 2017, defendant Hendricks filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the basis of Eleventh Amendment immunity and qualified immunity. On May 5, 2017, defendants Mann and Nuzum filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 9(g), and 12(b)(6) and North Carolina Rule of Civil Procedure 9(j); and on the basis of Eleventh Amendment immunity and qualified immunity.

On February 18, 2017, defendant Clinton Brockington ("Brockington") was served with a copy of the summons and complaint. On October 12, 2017, plaintiff filed a motion for an entry of default as to defendant Brockington. On November 8, 2017, the court mailed a copy of the motion for entry of default to defendant Brockington, giving him until December 1, 2017, to respond to the motion. On December 6, 2017, the court granted plaintiff's motion, and made an entry of default as to defendant Brockington. On December 14, 2017, and January 22, 2018, plaintiff filed the instant motions for default judgment.

## STATEMENT OF THE FACTS

Except as where otherwise identified below, the facts viewed in the light most favorable to plaintiff may be summarized as follows. Plaintiff suffers from Hepatitis C. (Am. Compl. ¶ 1). Plaintiff alleges that during his incarceration at Pender Correctional Institution ("PCI") and Lumberton Correctional Institution ("LCI") defendants' deliberate indifference to his Hepatitis C

condition caused him pain and suffering. (See id. ¶¶ 1–2). While incarcerated at PCI, plaintiff alleges he was not provided adequate treatment for his Hepatitis C condition, which continued upon his transfer to LCI on April 30, 2013, to the present. (See id. ¶ 1).

Specifically, from around April 30, 2013 to June 28, 2013, at LCI, plaintiff alleges that various LCI nurses refused him medical attention, including access to defendants Hendricks and Ronald Bell ("Bell") for treatment. (See id. ¶ 2). On May 30, 2013, plaintiff alleges he declared a medical emergency relating to his Hepatitis C, which defendant Brockington denied. (See id. ¶ 3). Consequently, plaintiff alleges defendant Brockington placed him in segregation, where he remained until June 28, 2013. (See id.). Thereafter, plaintiff alleges he was transferred to Scotland Correctional Institution ("SCI"), and transferred back to LCI on December 11, 2014. (See id. ¶¶ 3–4). On June 15, 2015, plaintiff alleges that he was seen at the Central Prison Hepatology Clinic by defendant Nuzum. (See id. ¶ 5). Defendant Nuzum performed an ultrasound, and then, plaintiff alleges, "refused to prescribe him any treatment, on the contentions that available treatments were noneffective on persons of the African-American persuasion and the State has failed to negotiate a contract with the drug manufacturer." (Id.). Additionally, plaintiff alleges individuals from other races are receiving treatment. (Id.).

Further, on June 25, 2015, plaintiff alleges defendant Hendricks prescribed him a MRI, which the Utilization Review Board ("URB") denied. (See id. ¶ 5). On August 7, 2015, plaintiff alleges that he saw defendant Mann at the Neurology Clinic at Central Prison Hospital, but that defendant Mann refused to prescribe him any treatment or take action because of the "disregarded/overruled recommendation of P.A. Hendricks for an MRI exam." (Id. ¶ 7). On August 13, 2015, plaintiff alleges he damaged his leg, ankle, and knee after falling on the concrete, due to

3

cartilage deterioration in his right leg. (See id. ¶ 8). After declaring a medical emergency, he alleges he was advised to get himself, without medical assistance, to the nearby medical facility by defendant Evonne Moore ("Moore"). (See id.). When he arrived at the medical facility, plaintiff alleges defendant Moore informed him that defendant Hendricks ordered him "crutches and an x-ray of my right ankle[,]" but did not perform an examination of his ankle, give it a wrap, or support. (Id. ¶ 9). Plaintiff alleges that due to proper medical treatment after his fall his right leg "remain partially numb, painful, and unresponsive." (Id. ¶ 10). Plaintiff alleges no further action was taken and that when he submits sick call requests, he only receives a "vital statistics" check. (Id. ¶ 10). Further, plaintiff alleges he continues to be denied treatment until his Hepatitis C reaches a more advanced stage. (See id. ¶ 11).

## DISCUSSION

A.  Motion for Default Judgment

Plaintiff filed the instant motions for default judgment as to defendant Brockington on December 14, 2017, and January 22, 2018, following an entry of default on December 6, 2017. Although the Clerk of Court entered default against defendant Brockington, this court retains discretion to enter a default judgment. See Fed. R. Civ. P. 55(b)(2). In deciding whether to enter a judgment against defendant Brockington, the court considers that this action involves multiple defendants and the possibility of inconsistent dispositions. See Fed. R. Civ. P. 54(b); see also Curtis-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980); United States ex rel. Hudson v. Peerless Insur. Co., 374 F.2d 942, 944–45 (4th Cir. 1967). The court also considers that this action is at an early stage and that entering a judgment against defendant Brockington at this time would waste judicial resources. See Curtis-Wright Corp., 446 U.S. at 8–10. Further, a judgment against

defendant Brockington necessitates a hearing to determine damages. Therefore, plaintiff's motions are DENIED without prejudice.

B.   Defendants' Motions to Dismiss

   1.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a

pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a pro se complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

2.  Analysis

Defendants raise the affirmative defense of qualified immunity against plaintiff's § 1983 action. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009). The court first examines plaintiff's claims in turn to determine whether plaintiff establishes a constitutional violation.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (1996). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part

of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (internal quotation omitted). The first prong is objective–the prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (internal quotations omitted). In the medical context, a basic human need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (internal quotations omitted)).

The second prong is subjective–the prisoner must show that "subjectively the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (internal quotations omitted). The mental state for "deliberate indifference entails something more than negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer, 511 U.S. at 837. Deliberate indifference is "a particularly high bar to recovery." Iko, 535 F.3d at 241. For claims involving medical care, "disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Negligence or medical malpractice in diagnosis or treatment are not exceptional circumstances. See id. at 849; Estelle v. Gamble, 429 U.S. 97, 105–08 (1976).

    a.    Defendant Hendricks

Plaintiff alleges three separate incidents regarding defendant Hendricks. First, plaintiff

alleges he was unable to see defendant Hendricks because the nurses at LCI refused him medical attention. (See Am. Compl. ¶ 2). Plaintiff's first allegation is unrelated to the actions and medical judgment of defendant Hendricks, but rather relates to the nurses at LCI who he alleges refused him medical attention and access. (See id.). Deliberate indifference requires a showing that "subjectively the officials act[ed] with a sufficiently culpable state of mind," however no action by defendant Hendricks occurred. Shakka, 71 F.3d at 166.

Second, plaintiff alleges defendant Hendricks prescribed him a MRI on June 25, 2015, which the URB later denied. (See Am. Compl. ¶ 6). Plaintiff's second allegation details a dispute over the URB's denial of defendant Hendrick's MRI prescription, and similarly, does not relate to an action performed by defendant Hendricks but instead an action sanctioned by the URB. (Id.).

Third, plaintiff alleges defendant Hendricks, in response to his leg injury, ordered him crutches and a x-ray of his right ankle, on August 13, 2015, but did not perform an examination, provide him with a wrap or other support. (See id. ¶ 9). Plaintiff's third allegation is a dispute over the type of treatment prescribed to plaintiff by defendant Hendricks, an x-ray and crutches, as opposed to a wrap and physical examination. (Id.). Disagreements over proper medical care and a doctor's medical judgment do not amount to a § 1983 violation. See Wright, 766 F.2d at 849. Thus, plaintiff has not stated a viable claim against defendant Hendricks, and defendant Hendricks is entitled to qualified immunity. Therefore, the motion to dismiss by defendant Hendricks is granted.

    b.    Defendant Mann

Plaintiff's sole allegation against defendant Mann involves the URB's denial of plaintiff's MRI. Plaintiff alleges in his pursuit to get medical attention for his Hepatitis C condition, on August

8

7, 2015, at the neurology clinic at Central Prison Hospital, defendant Mann refused to prescribe plaintiff treatment, or "take any action," because of the "disregarded/overruled recommendation" of defendant Hendricks. (Am. Compl. ¶ 7). At most, defendant Mann's decision to follow his colleague's diagnosis and the URB's decision to deny the MRI is a matter of medical judgment. Disagreements over medical judgment do not amount to claims of deliberate indifference.[2] See Estelle v. Gamble, 429 U.S. 97 at 107–08. Thus, plaintiff has not stated a viable claim against defendant Mann, and defendant Mann is entitled to qualified immunity. Therefore, the motion to dismiss by defendant Mann and defendant Nuzum is granted in part with respect to plaintiff's claims against defendant Mann.

        c.        Defendant Nuzum

Plaintiff alleges that on July 16, 2015, at the Central Prison Hepatology Clinic, defendant Nuzum performed an ultrasound and then refused to prescribe him treatment because the available treatment does not work on "persons of the African American persuasion" and the State did not have a negotiated contract with the drug manufacturer. (See Am. Compl. ¶ 5). Plaintiff's allegations permit the inference that defendant Nuzum refused to provide treatment to plaintiff on the basis of plaintiffs race, and further, that he provided treatment to individuals from other races on the basis of their races. (See id.). Therefore, viewing the allegations in the light most favorable to plaintiff, plaintiff states a claim for deliberate indifference and discrimination under the Equal Protection

---

[2] Further, plaintiff has not brought a proper medical negligence claim under state law pursuant to North Carolina Rule of Civil Procedure Rule 9(j), and therefore the court will not construe the claim as such.

Clause. See Wright, 766 F.2d at 849; Shakka, 71 F.3d at 166; City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).[3]

Where the facts alleged, accepted as true, permit an inference of constitutional violation under clearly established law, defendant Nuzum is not entitled to qualified immunity at this stage in the case. Thus, the motion to dismiss by defendant Mann and Nuzum is denied in part as to plaintiff's claims against defendant Nuzum in his individual capacity.

Defendant Nuzum also raises a defense of Eleventh Amendment immunity. Defendant Nuzum is employed at the Central Prison Hepatology Clinic, and as such, is entitled to immunity as to claims against him in his official capacity under the Eleventh Amendment. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Thus, the motion to dismiss by defendant Mann and Nuzum is granted in this part as to plaintiff's claims against defendant Nuzum in his official capacity.

**CONCLUSION**

Based on the forgoing, the court ORDERS as follows:

1) Defendant Dr. Newsome is now properly identified as defendant Thomas Nuzum. The court's caption has been amended to reflect the change.

2) Plaintiff's motions for default judgment (DE 82, 86) are DENIED;

3) Defendant Hendricks' motion to dismiss is GRANTED (DE 59). All claims against defendant Hendricks are DISMISSED WITHOUT PREJUDICE.

---

[3] Additionally, plaintiff makes specific allegations against defendant Nuzum and thus sufficiently connects this defendant to the claims in the complaint. (See Am. Compl. ¶¶ 2–9). Thus, plaintiff has complied with Rule 8. See Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

10

4) Defendants Mann and Nuzum's motion to dismiss (DE 70) is GRANTED IN PART AND DENIED IN PART as set forth herein. Plaintiff's claims against defendant Mann are DISMISSED WITHOUT PREJUDICE. Plaintiff's claims against defendant Nuzum in his official capacity are DISMISSED WITH PREJUDICE. Plaintiff's claims against defendant Nuzum in his individual capacity are allowed to proceed.

SO ORDERED, this the 23rd day of February, 2018.

                                                                                 LOUISE W. FLANAGAN
                                                                                 United States District Judge